UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TROY D. SENCIBAUGH,                  )
                                     )
        Petitioner,                  )
                                     )
    v.                               )    Case No. 1:23-cv-00122-SNLJ
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

## MEMORANDUM AND ORDER

On July 17, 2023, Petitioner Troy D. Sencibaugh ("Sencibaugh") filed this Motion

to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section

2255 [Doc. 1].  This Court then ordered the United States to show cause why the relief

requested in Sencibaugh's motion should not be granted.  The government filed a

response on December 19, 2023 [Doc. 7], and Sencibaugh filed a reply on February 5,

2024 [Doc. 8].  Based on the reasons set forth below, this Court will dismiss

Sencibaugh's claims as waived and procedurally barred or otherwise deny them without

an evidentiary hearing because they fail as a matter of law.

## I.  PROCEDURAL HISTORY

On June 11, 2019, a federal grand jury returned a single-count Indictment charging

Sencibaugh with being a felon in possession of a firearm, in violation of 18 U.S.C. §

922(g)(1).  *United States of America v. Troy D. Sencibaugh*, 1:23-cv-00122-SNLJ

("Crim. Case"), Doc. 1.  At that time, the maximum penalty for this offense was

ordinarily 10 years' imprisonment.[1]  Under the Armed Career Criminal Act ("ACCA"),

however, offenders are subject to an enhanced penalty of 15 years to life imprisonment if

they have at least three previous convictions "for a violent felony or a serious drug

offense . . . committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

Relevant for our purposes here, the term "violent felony" includes crimes that have "as an

element the use, attempted use, or threatened use of physical force against the person of

another." 18 U.S.C. § 924(e)(2)(B)(i).

Sencibaugh subsequently pled guilty to the charge in the Indictment pursuant to a

written guilty plea agreement.  Crim. Case, Doc 31.  The agreement expressly stated that

Sencibaugh may be subject to ACCA's enhanced penalties, including the mandatory

minimum 15-year sentence.  *Id*. at 4.  Following Sencibaugh's plea, the Court ordered the

United States Probation Office ("USPO") to prepare a Presentence Investigation Report.

Crim. Case, Doc. 37 ("PSR").  The USPO identified four separate convictions that qualified

as ACCA predicate offenses.  PSR ¶ 27.  Those convictions are outlined as follows:

> (1) A 2000 conviction from the Circuit Court of Reynolds County, Missouri, in docket number CR899-334FX, for Production of Marijuana. The charging document reflected that "on September 7, 1999, in Reynolds County, Missouri, the defendant knowingly produced more than five grams of marijuana, a controlled substance, by growing or cultivating one or more marijuana plants, knowing that it was a controlled substance."  PSR ¶ 37.

> (2) A 2003 conviction from the Circuit Court of Reynolds County, Missouri, in docket number 02CR834846-01, for Assault on a Law Enforcement Officer in the Second Degree (Mo. Rev. Stat. § 565.082). The charging document forming the basis for this conviction reflected that "on March 20, 2002, in Reynolds County, Missouri, [victim] was a law enforcement officer,

---

[1] Congress has since increased the maximum penalty for § 922(g) violations to 15 years' imprisonment.  *See* 18 U.S.C. § 924(a)(8); Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004, 136 Stat. 1313, 1329.

the defendant knew [victim] was a law enforcement officer, and attempted to cause and/or knowingly caused serious physical injury to the law enforcement officer by means of a dangerous instrument, to wit: by kicking [victim] in the shoulder with his right foot, while [victim] was operating his patrol vehicle."  PSR ¶ 38.

(3) A 2017 conviction from the Circuit Court of Reynolds County, Missouri, in docket number 16RE-CR00035-01, for Assault in the Second Degree (Mo. Rev. Stat. § 565.060). The charging document forming the basis for this conviction reflected that "on February 7, 2016, in Reynolds County, Missouri, the defendant knowingly caused serious physical injury to [victim], by means of a dangerous instrument, by striking [victim] with a rock and thereby breaking the arm of [victim]."  PSR ¶ 45.

(4) A 2018 conviction from the Circuit Court of Reynolds County, Missouri, in docket number 17RE-CR00048-01, for Assault in the Second Degree (Mo. Rev. Stat. § 565.052). The charging document forming the basis for this conviction reflected that "on March 19, 2017, in Reynolds County, Missouri, the defendant attempted to cause physical injury to [victim] by means of a deadly weapon or dangerous instrument, to wit: a modified screwdriver, by trying to stab [victim.]"  PSR ¶ 46.

As an Armed Career Criminal, the USPO determined Sencibaugh's advisory

guideline imprisonment range was 180-210 months.  PSR ¶ 80.

Sencibaugh did not object to any aspect of the PSR.  *See* Crim. Case, Doc.

35 (defendant's "Acceptance to Presentence Investigation Report").  The parties

appeared for sentencing on March 17, 2020.  After confirming that Sencibaugh

had no objections to the PSR, this Court imposed the mandatory minimum

sentence of 180 months' (15 years') imprisonment.  Crim. Case, Doc. 42-44.

Sencibaugh did not appeal his conviction or sentence.

Sencibaugh now seeks to vacate his sentence because one of his ACCA

predicate convictions—specifically a 2000 Missouri conviction for Production of

Marijuana—has been expunged.  However, it is unnecessary for this Court to

3

address the impact of the expungement because Sencibaugh still has three separate convictions from Missouri courts for felony assaults—each of which individually qualify as a "violent felony" under ACCA.  Therefore, even discounting the expunged marijuana conviction, Sencibaugh remains properly designated as an Armed Career Criminal.  Consequently, this Court will deny his motion without an evidentiary hearing.

## II.  LEGAL STANDARD

In general, to state a claim for relief under 28 U.S.C. § 2255, a federal prisoner must prove one of the following: (1) his sentence was imposed in violation of the laws or Constitution of the United States; (2) the sentencing court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum allowable by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424 (1962).  The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to relief in cases involving collateral attack on a criminal conviction.  *United States v. Skinner*, 326 F.2d 594, 597 (8th Cir. 1964).  Title 28 U.S.C. § 2255 is not designed to provide a remedy for "all claimed errors in conviction and sentencing."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Instead, a § 2255 cause of action is intended only to correct an error which rises to the level of a fundamental defect" which "inherently results in a complete miscarriage of justice."  *Hill*, 368 U.S. at 427.

4

### III.  DISCUSSION

On July 17, 2023, Sencibaugh filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his sole claim for relief, Sencibaugh points to the recent expungement of his Missouri conviction for Producing Marijuana.  Sencibaugh asserts that, without that conviction, he no longer qualifies as an Armed Career Criminal.  But Sencibaugh overlooks the fact that he still has three separate ACCA predicate convictions for offenses qualifying as a "violent felony," as that term is defined in ACCA.  18 U.S.C. § 924(e)(2)(B)(i).  The Eighth Circuit has repeatedly held that Missouri assault convictions for "knowingly causing" and "attempting to cause" physical injury to other persons unequivocally meets that definition.  *See, e.g.*, *United States v. Darden*, 915 F.3d 579, 584-86 (8th Cir. 2019); *United States v. Alexander*, 809 F.3d 1029, 1033 (8th Cir. 2016); *United States v. Montgomery*, 701 F.3d 1218, 1222 (8th Cir. 2012).

### IV.  CONCLUSION

For the foregoing reasons, this Court will deny Sencibaugh's § 2255 motion [Doc. 1] without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Pampkin has not made a substantial showing of the denial of federal constitutional right.

**SO ORDERED** this 18th day of July, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE